UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANESSA K NEALY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                 /

Case No.  13-10684

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MARK A. RANDON

**ORDER ADOPTING REPORT AND RECOMMENDATION [16];
OVERRULING PLAINTIFF'S OBJECTION [17]; GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]; AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12]**

On January 22, 2014, Magistrate Judge Randon issued a Report and Recommendation ("R&R") [16] recommending that Defendant's Motion for Summary Judgment [15] be granted and that Plaintiff's Motion for Summary Judgment [12] be denied.  Plaintiff filed an Objection [17] on February 5, 2014.

For the reasons stated below, the Report and Recommendation is **ADOPTED** and is entered as the findings and conclusions of the Court.  Defendant's Motion for Summary Judgment is **GRANTED**.  Plaintiff's Motion for Summary Judgment is **DENIED**.

## I. Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

## II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c). Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *See also Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971).  In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (internal citations omitted).  So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  Finally, an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference.  *Villarreal v. Secretary of Health and Human Servs.*, 818 F.2d 461, 463 (6th Cir.1987).

### III. Analysis

Plaintiff raises one objection to the R&R: that the Magistrate Judge erred in finding that a treating doctor's opinions as to a claimant's residual functional capacity ("RFC") "are not entitled to any particular weight." [16] at 9.  Plaintiff cites recent Sixth Circuit precedent which clarified that the treating-physician rule applies to the RFC of the claimant.  *Gentry v. Commissioner of Social Sec.*, 741 F.3D 708, 727 (6th Cir. 2014).  Although the ultimate determination of disability is an administrative one and reserved for the Commissioner, "an ALJ may only choose not to give a treating

physician's opinion controlling weight if she gives 'good reasons. . . . for the weight given.'" *Id.* (internal citations omitted).

The Court need not decide whether Plaintiff's objection that the R&R mischaracterizes the applicable law is correct. This is because Plaintiff's argument ultimately fails because the ALJ gave good reasons for not giving the treating physician's opinion controlling weight.

As stated in the R&R, the ALJ did not give Dr. Pierre's opinions regarding Plaintiff's RFC controlling weight, because Dr. Pierre's opinions were based upon Plaintiff's subjective complaints. As described in the R&R, the ALJ gave good reasons for not giving Dr. Pierre's opinion controlling weight. Dr. Pierre's opinions regarding Plaintiff's RFC were based on Plaintiff's own report that she could not walk very far without running out of breath. When a plaintiff attempts to establish disability based on subjective complaints, she must provide objective medical evidence of an underlying medical condition that either confirms the severity of the alleged symptoms or indicates the condition reasonably could be expected to cause symptoms as severe as alleged. *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). As stated and more fully explained in the R&R, "the evidence reveals that Plaintiff's asthma was mild and under control" [16] at 7–8.

For the reasons stated above, Plaintiff's objection is not persuasive.

## IV. Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [16] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment [15] is **GRANTED**. Plaintiff's Objection [17] is **OVERRULED** and her Motion for Summary Judgment [12] is **DENIED**.

**SO ORDERED**.

    s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 7, 2014